UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOSEPH RODERICK JR., <br><br> Plaintiff, <br><br> -against- <br><br> WILLIAM MARTIN JOEL, aka "BILLY JOEL"; SONY MUSIC ENTERTAINMENT/COLUMBIA RECORDS; LIBERTY DEVITTO; DENNIS ALEXANDER, <br><br> Defendants. | 25-CV-5446 (LLS) <br><br> ORDER OF DISMISSAL WITH LEAVE TO REPLEAD |

LOUIS L. STANTON, United States District Judge:

Plaintiff Joseph Roderick, Jr., who resides in Fairborn, Ohio, and is appearing *pro se*, brings this action asserting federal claims of copyright infringement and state law claims of unjust enrichment. Named as Defendants are William Martin Joel, professionally known as "Billy Joel"; Sony Music Entertainment/Columbia Records ("Sony Music"); Liberty Devitto; and Dennis Alexander. By order dated August 14, 2025, the court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the reasons set forth below, the Court dismisses the complaint, but grants Plaintiff 30 days' leave to replead his claims in an amended complaint.

**STANDARD OF REVIEW**

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

The following allegations are drawn from the complaint.[1] Between April and November 1979, Plaintiff was asked to play drums for a recording session at a Scottsdale, Arizona studio owned by Defendant Dennis Alexander. Alexander instructed Plaintiff to "create drumming

---

[1] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation are as in the original unless noted otherwise.

ideas for [three] songs." (ECF 1, at 5.) Plaintiff "played what he felt would complement each of those songs." (*Id.* at 6.) Two-and-a-half weeks after the recording sessions, keyboardist Brian Shackleford informed Plaintiff that Joel was going to record two of the songs, and that Plaintiff "would be compensated 'on the other end.'" (*Id.*) Plaintiff "remembers" that he was given a $50.00 check, but is "not sure whether it was before, or after the recording session." (*Id.*) Plaintiff has received no other compensation.

Plaintiff alleges that one of the songs he played on was a demo of "You May Be Right," a song that was included on Joel's album Glass Houses and has become "a worldwide hit song." (*Id.*) Plaintiff now believes that his performance on the demo of the song was kept on the master recording and released on Joel's Glass Houses album.

Between 1980 and 1982, Plaintiff suffered from depression, which led to him experiencing a nervous breakdown from 1983 to 1985. Plaintiff alleges that it took him "many years to heal and begin to remember various circumstances and events, including the recording session" during which he "played and created the drumming ideas for." (*Id.* at 6-7.) Around 2018 or 2019, Plaintiff heard "You May Be Right" on the radio and "began to understand and realize more of his involvement" on the song. (*Id.* at 7.) In 2020, Plaintiff reconnected with Shackleford, who remembered Plaintiff's involvement in the recording session. Between 2019 and 2023, Plaintiff also emailed Alexander about being compensated for his musical ideas, but he did not receive a reply.

Plaintiff alleges that Defendant Devitto sued Joel in 2009 and entered into a settlement agreement in which Devitto received compensation for the "drumming ideas and performance" on "You May Be Right." (*Id.* at 8.)

Plaintiff seeks money damages.

3

Plaintiff has previously filed a similar action in the United States District Court for the District of Arizona in which he asserted, *inter alia*, federal copyright claims against Joel, Devitto, Sony Music, and Alexander arising from his alleged performance on "You May Be Right." *See Roderick v. Joel*, No. 2:24-CV-1871 (SMB) (D. Ariz. Dec. 20, 2024). On October 30, 2024, the court dismissed as untimely Plaintiff's state law claims for breach of contract, detrimental reliance, fraudulent and negligent misrepresentation, and negligent and intentional infliction of emotional distress. *Id.*, ECF 26. After granting Plaintiff several opportunities to amend his federal copyright infringement claims, by order dated December 20, 2024, the court dismissed the third amended complaint for failure to state a claim on which relief may be granted. *Id.*, ECF 37. The court held that, despite instructing Plaintiff on the need to register his copyright before bringing a federal copyright infringement action, Plaintiff's allegations did not demonstrate that he complied with the registration requirement. Even though "[that] deficiency alone require[d] dismissal" of Plaintiff's claims, the court also discussed why Plaintiff's allegations were deficient, including its finding that Plaintiff "simply has not pleaded that he owns a valid copyright of the song 'You May Be Right.'" *Id.* at 3. The court dismissed the action without prejudice.[2]

## DISCUSSION

**A.    Federal copyright infringement claims**

To state a claim for copyright infringement, a plaintiff must allege both (1) ownership of a valid copyright and (2) infringement of the copyright by the defendant. *Spinelli v. Nat'l Football League*, 903 F.3d 185, 197 (2d Cir. 2018) (citation omitted). The registration of a

---

[2] Because the Arizona district court dismissed Plaintiff's claims without prejudice, he is not precluded from reasserting those claims in this court.

plaintiff's copyright with the United States Copyright Office is not required for a work to obtain copyright protection. *See* 17 U.S.C. § 408(a) ("[R]egistration is not a condition of copyright protection."). Nevertheless, registration of a copyright with the United States Copyright Office is a precondition for bringing a copyright infringement action in federal court. *See* 17 U.S.C. § 411(a) ("[N]o civil action for infringement of the copyright in any United States work shall be instituted until preregistration or registration of the copyright claim has been made in accordance with this title."); *Reed Elsevier, Inc. v. Muchnick*, 559 U.S. 154, 158 (2010) (holding that copyright registration is a condition that a plaintiff "must satisfy before filing an infringement claim and invoking the [Copyright] Act's remedial provisions"); *Newton v. Penguin/Berkley Publ'g USA*, No. 13-CV-1283, 2014 WL 61232, at *4 (S.D.N.Y. Jan. 6, 2014) (McMahon, J.) ("The Supreme Court [in *Reed Elsevier*] has held that [17 U.S.C. § 411] imposes a 'precondition' to filing a claim for copyright infringement.").

Here, Plaintiff does not allege that he has registered the work in question with the United States Copyright Office. Notably, Plaintiff fails to allege that he has registered his intellectual property with the Copyright Office despite the Arizona district court's repeatedly instructing him that registration is a prerequisite to bringing a copyright infringement action, granting him leave to register his intellectual property, and ultimately dismissing his claims because he failed to do so. Because Plaintiff does not allege that he has registered his copyright, the Court dismisses his claims for copyright infringement for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**B.    Claims under state law**

Plaintiff's claims for unjust enrichment arise under state law. To bring a state law claim in federal court, a plaintiff must either allege facts demonstrating that the court has diversity of

5

citizenship jurisdiction of the action, or, if the plaintiff asserts a viable federal claim, the court can exercise supplemental jurisdiction of the state law claims.

1.      **Diversity of citizenship jurisdiction**

To establish diversity of citizenship jurisdiction under 28 U.S.C. § 1332, a plaintiff must first allege that the plaintiff and the defendant are citizens of different states. *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998). For diversity purposes, an individual is a citizen of the State where he or she is domiciled, which is defined as the place where the individual "has his [or her] true fixed home . . . and to which, whenever he [or she] is absent, he [or she] has the intention of returning." *Palazzo ex rel. Delmage v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000) (internal quotation marks and citation omitted). An individual "has but one domicile." *Id.* A corporation, however, is a citizen "of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1); *see also Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010) (a corporation's principal place of business is its "nerve center," usually its main headquarters).

In addition, to demonstrate diversity jurisdiction, the plaintiff must allege to a "reasonable probability" that the claim is worth more than the sum or value of $75,000.00, the statutory jurisdictional amount. *See* 28 U.S.C. § 1332(a); *Colavito v. N.Y. Organ Donor Network, Inc.*, 438 F.3d 214, 221 (2d Cir. 2006) (citation and internal quotation marks omitted).

Here, Plaintiff states that he resides in the State of Ohio. He alleges that Joel "[r]esides in the state of New York/Florida" (ECF 1, at 3.) He provides a New York, New York address for Sony Music, but he does not state whether this is the address of its corporate headquarters, nor does he allege the state in which it is incorporated. Plaintiff does not provide a residential address for Devitto; he instead provides a Florida address for Devitto's attorney, Paul M. Quin. Finally, Plaintiff alleges that Alexander resides in Vancouver, British Columbia, Canada.

Because Plaintiff does not allege the citizenship of Sony Music or Devitto, he has not demonstrated complete diversity of the parties, and the Court lacks diversity jurisdiction on that ground.

The Court grants Plaintiff leave to replead his state law claims in an amended complaint that either alleges facts demonstrating complete diversity of the parties, or drops any dispensable non-diverse parties whose presence would defeat diversity jurisdiction or whose citizenship he cannot determine. If Plaintiff repleads his state law claims, he must also allege facts demonstrating that his claims are worth more than $75,000.[3]

### 2.    Supplemental jurisdiction

A district court may decline to exercise supplemental jurisdiction of state law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and

---

[3] The Court notes that it is unclear from the complaint whether venue is proper in this court for Plaintiff's state law claims. Venue for state law claims is governed by the general venue statute, 28 U.S.C. § 1391. Under Section 1391(b), a civil action may be brought in

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

For venue purposes, a "natural person" resides in the district where the person is domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28 U.S.C. § 1391(c)(1), (2).

Because all defendants do not reside in the State of New York, venue is improper under Section 1391(b)(1) in this District. It is unclear from the complaint where the events giving rise to Plaintiff's unjust enrichment claims occurred and whether any defendant would be subject to the Court's personal jurisdiction with respect to this action. If Plaintiff repleads his state law claims under the Court's diversity jurisdiction, he should allege facts demonstrating that venue for such claims is proper in this court.

only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988) (footnote omitted). Having dismissed the federal claims of which the Court has original jurisdiction, the Court declines to exercise its supplemental jurisdiction of any state law claims Plaintiff may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'" (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997))).

## LEAVE TO AMEND GRANTED

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). The Court grants Plaintiff 30 days' leave to replead his state law unjust enrichment claims in an amended complaint alleging facts demonstrating that the Court has diversity of citizenship jurisdiction of such claims.

If Plaintiff does not file an amended complaint within the time allowed, the Court will direct the Clerk of Court to enter judgment in this action

## CONCLUSION

The Court dismisses Plaintiff's federal copyright infringement claims for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court declines to exercise supplemental jurisdiction of Plaintiff's state law claims. *See* 28 U.S.C. § 1367(c)(3).

The Court grants Plaintiff 30 days' leave to replead his state law claims in an amended complaint.

The Court directs the Clerk of Court to hold this matter open on the docket until a civil judgment is entered.

SO ORDERED.

Dated:   September 3, 2025
        New York, New York

                                           *Louis L. Stanton*
                                           LOUIS L. STANTON
                                                U.S.D.J.