UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOSEPH RODERICK JR.,

                Plaintiff,

        -against-

WILLIAM MARTIN JOEL, AKA "BILLY
JOEL"; SONY MUSIC
ENTERTAINMENT/COLUMBIA RECORDS;
LIBERTY DEVITTO; DENNIS ALEXANDER,

                Defendants.

25-CV-5446 (LLS)

SECOND ORDER OF DISMISSAL
AND TRANSFER ORDER

LOUIS L. STANTON, United States District Judge:

Plaintiff, who is proceeding *pro se* and *in forma pauperis* ("IFP"), filed the original complaint in this action alleging that Defendants violated his rights under the Copyright Act and under state law. By order dated September 3, 2025, the Court directed Plaintiff to amend his complaint to address deficiencies in his original pleading. Plaintiff filed an amended complaint on October 3, 2025, and the Court has reviewed it. For the reasons set forth below, the Court dismisses Plaintiff's federal copyright claims without prejudice and transfers his claims under state law to the United States District Court for the District of Arizona.

## BACKGROUND

Plaintiff brings this action against William Martin Joel, professionally known as Billy Joel, Sony Music Entertainment/Columbia Records ("Sony Music"), Liberty Devitto, and Dennis Alexander. In the original complaint, Plaintiff asserted claims of federal copyright infringement as well as claims under state law arising from his allegedly having recorded drum tracks in 1979 that were included in Joel's 1980 song "You May Be Right." In its September 3, 2025 order, the Court dismissed Plaintiff's federal copyright claims because he did not allege that he had registered the work in question with the United States Copyright Office ("USCO"). (ECF 5, at 4-

5.) The Court further held that Plaintiff did not allege facts demonstrating that the Court had diversity jurisdiction to consider his state law claims, and it declined to exercise supplemental jurisdiction of those claims under 28 U.S.C. § 1367(c)(3). (*Id.* at 5-8.) The Court also noted that it was unclear from the complaint where Plaintiff's state law claims arose, and, therefore, it was unclear whether this district was a proper venue for such claims. The Court directed Plaintiff, should he replead his state law claims, to allege facts demonstrating that venue for such claims is proper in this court. (*Id.* at 7 n. 3.)

In its order, the Court also noted that Plaintiff had previously filed a similar complaint against Joel, Devitto, Sony Music, and Alexander in the United States District Court for the District of Arizona. *See Roderick v. Joel*, No. 2:24-CV-1871 (SMB) (D. Ariz. Dec. 20, 2024). By order dated October 30, 2024, that court dismissed as untimely Plaintiff's state law claims for breach of contract, detrimental reliance, fraudulent and negligent misrepresentation, and negligent and intentional infliction of emotional distress. *Id.*, ECF 26. After granting Plaintiff several opportunities to amend his federal copyright infringement claims, by order dated December 20, 2024, the court dismissed the third amended complaint for failure to state a claim on which relief may be granted. *Id.*, ECF 37. The court held that, despite instructing Plaintiff on the need to register his copyright before bringing a federal copyright infringement action, Plaintiff's allegations did not demonstrate that he complied with the registration requirement. Even though "[that] deficiency alone require[d] dismissal" of Plaintiff's copyright claims, the court also discussed why Plaintiff's allegations were deficient, including its finding that Plaintiff "simply has not pleaded that he owns a valid copyright of the song 'You May Be Right.'" *Id.* at 3. The court dismissed the action without prejudice.

The following facts are drawn from the amended complaint.[1] Between April and November 1979, Plaintiff was invited by a keyboardist named Brian Shackleford to participate in a record session for Defendant Dennis Alexander at Pantheon Recording in Scottsdale, Arizona. Plaintiff recorded three songs and "received a $50.00 check for his services." (ECF 6, at 3.) During the recording session, Plaintiff "composed and performed all drum arrangements for 'You May Be Right,' meticulously developing the intro, transition, verses, breaks, and chorus." (*Id.*) Plaintiff was given "[n]o instructions" on what or how to play, and "[p]ayment was received on the day of the session." (*Id.*)

Approximately two weeks after the recording session, Shackleford informed Plaintiff that Joel "had selected two songs from the session and promised that Plaintiff would be compensated 'on the other end.'" (*Id.*) Plaintiff alleges that he suffered from mental health issues between 1980 and 1985, and only "recognized his involvement in 'You May Be Right'" after hearing the song on the radio in 2018 or 2019. (*Id.*) He contacted Shackleford in 2019 and emailed Alexander in 2023, but he has not received any compensation "beyond the initial payment." (*Id.*) Plaintiff did not "realize[] the potential to pursue legal action" against Defendants until 2023. (*Id.*) Plaintiff further alleges that Devitto filed a complaint in 2009 for unpaid royalties and breach of contract, and has since been credited for playing drums on "You May Be Right' and has been "compensated accordingly." (*Id.* at 4.)

With respect to registering his copyright with the USCO, Plaintiff alleges that he "filed copyright registration in July 2024 (file#1-14410612761)." (*Id.*) He does not allege what specific

---

[1] The Court quotes from the amended complaint verbatim. All spelling, grammar, and punctuation are as in the amended complaint unless noted otherwise.

work or works he registered, but he states that the "sound recording registration is currently active." (*Id.*)

With respect to diversity jurisdiction, Plaintiff, who is a resident of the State of Ohio, alleges that Sony Music maintains its headquarters in New York, New York, and Defendant Devitto resides in Brooklyn, New York. He further alleges that Joel resides in Florida, and that Alexander was a "resident of Arizona at the time of the incident and currently." (*Id.* at 2.)

## DISCUSSION

### A.    Claims for copyright infringement

To state a claim for copyright infringement, a plaintiff must allege both (1) ownership of a valid copyright and (2) infringement of the copyright by the defendant. *Spinelli v. Nat'l Football League*, 903 F.3d 185, 197 (2d Cir. 2018) (citation omitted). The registration of a plaintiff's copyright with the United States Copyright Office is not required for a work to obtain copyright protection. *See* 17 U.S.C. § 408(a) ("[R]egistration is not a condition of copyright protection."). Nevertheless, registration of a copyright with the USCO is a precondition for bringing a copyright infringement action in federal court. *See* 17 U.S.C. § 411(a) ("[N]o civil action for infringement of the copyright in any United States work shall be instituted until preregistration or registration of the copyright claim has been made in accordance with this title."); *Reed Elsevier, Inc. v. Muchnick*, 559 U.S. 154, 158 (2010) (holding that copyright registration is a condition that a plaintiff "must satisfy before filing an infringement claim and invoking the [Copyright] Act's remedial provisions"); *Newton v. Penguin/Berkley Publ'g USA*, No. 13-CV-1283 (CM), 2014 WL 61232, at *4 (S.D.N.Y. Jan. 6, 2014) ("The Supreme Court [in *Reed Elsevier*] has held that [17 U.S.C. § 411] imposes a 'precondition' to filing a claim for copyright infringement.").

4

When determining whether a complaint fails to state a claim on which relief may be granted,

> district courts "may review only a narrow universe of materials," which includes "facts stated on the face of the complaint, documents appended to the complaint or incorporated in the complaint by reference, . . . *matters of which judicial notice may be taken*," as well as "document[s] not expressly incorporated by reference in the complaint [that are] nevertheless 'integral' to the complaint,"

(ECF 7, at 4 (quoting *Clark v. Hanley*, 89 F.4th 78, 93 (2d Cir. 2023)). In copyright infringement cases, district courts may take judicial notice of a litigant's federal copyright registration, as published in the USCO's registry. *See Island Software & Computer Serv. v. Microsoft Corp.*, 413 F.3d 257, 261 (2d Cir. 2005).

The Court dismisses Plaintiff's claims for copyright infringement asserted in the amended complaint because Plaintiff does not allege sufficient facts demonstrating that he has registered the work in question with the USCO. Plaintiff states that he "filed copyright registration in July 2024" of an unspecified work, that his application was assigned file number 1-14410612761, and that the "sound recording registration is currently active." (ECF 6, at 4.) However, the Arizona District Court previously rejected Plaintiff's assertion that he had properly registered a copyright under that number, holding that it was unclear from Plaintiff's reference to that number whether Plaintiff had properly registered the work in question. The court specifically stated, based on documents Plaintiff filed with the Register of Copyrights, which he also filed with the court, that it was unclear whether Plaintiff had complied with the requirements to secure the copyright by uploading or mailing to the USCO that material he was seeking to register. *See Roderick*, No. 2:24-CV-1871, ECF 37, at 3. Furthermore, a search of the USCO's registry, of which the Court may take judicial notice, does not indicate any copyright related to "You May Be Right" that was registered by Plaintiff, or any copyright registration connected to the file number 1-14410612761.

5

Because the Arizona court appears to have previously rejected Plaintiff's assertion that he registered a copyright for "You May Be Right" under the file number he provided, and because the USCO's registry does not show any copyright registered to Plaintiff that is related to "You May Be Right," it appears that Plaintiff has not registered with the USCO the work he alleges has been infringed before bringing this action. The Court therefore dismisses Plaintiff's copyright infringement claims without prejudice for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

District courts generally grant a *pro se* plaintiff leave to amend a complaint to cure its defects, but leave to amend may be denied if the plaintiff has already been given an opportunity to amend but has failed to cure the complaint's deficiencies. *See Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because Plaintiff has already been granted one opportunity to amend his copyright claims in this court, and multiple opportunities in the District of Arizona, the Court declines to grant Plaintiff another opportunity to amend his federal copyright claims.

## B.    Transfer of state law claims

Venue for Plaintiff's state law claims, brought under the court's diversity of citizenship jurisdiction, is not proper in this court. Venue for claims under state law is governed by 28 U.S.C. § 1391. Under Section 1391(b), a civil action may be brought in

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

Under Section 1391(c), a "natural person" resides in the district where the person is domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district

where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28 U.S.C. § 1391(c)(1), (2).

Plaintiff brings state law claims arising from Defendant Alexander's having breached a contract that he alleges was entered into in Scottsdale, Arizona. Because all defendants do not reside in the State of New York, venue for Plaintiff's state law claims is not proper in this district under Section 1391(b)(1). Because Plaintiff alleges no facts suggesting that the events giving rise to his state law claims arose in this district, the district is also not a proper venue for those claims under Section 1391(b)(2).

Under 28 U.S.C. § 1406, if a plaintiff files a case in the wrong venue, the Court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). The events giving rise to Plaintiff's state law claims occurred in Scottsdale, Arizona, which is located in the District of Arizona. *See* 28 U.S.C. § 82. Venue is therefore proper under Section 1391(b)(2) in the District of Arizona. While it is unclear whether all defendants were involved in the events giving rise to Plaintiff's state law claims, Plaintiff alleges that Alexander breached the contract with him, and Alexander resides in the District of Arizona. Furthermore, the United States District Court for the District of Arizona has previously held that similar state law claims asserted by Plaintiff are untimely, and that court may be best situated to determine whether Plaintiff's claims in this action are also untimely or whether equitable or statutory tolling should apply. The Court therefore transfers Plaintiff's state law claims against all defendants to the United States District Court for the District of Arizona. 28 U.S.C. § 1406(a).

### CONCLUSION

The Court dismisses Plaintiff's federal copyright claims without prejudice for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

The Clerk of Court is directed to transfer Plaintiff's claims arising under state law to the United States District Court for the District of Arizona. All defendants will remain in this action. A summons shall not issue from this court.

The Court directs the Clerk of Court to enter judgment dismissing Plaintiff's federal copyright infringement claims for the reasons stated in this order.

SO ORDERED.

Dated:    January 12, 2026
          New York, New York

_____
LOUIS L. STANTON
U.S.D.J.

8